UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HAROLD E. JACKSON,

                               **Plaintiff,**

              v.                                        9:11-CV-0128
                                                               (DNH/GHL)

ANDREA EVANS, BRIAN FISCHER,
ANDREW CUOMO,

                               **Defendants.**
_____

HAROLD. E. JACKSON, 02-A-6683
Plaintiff *pro se*
Hudson Correctional Facility
Box 576
Hudson, NY 12534

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

### REPORT-RECOMMENDATION AND ORDER

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Harold E. Jackson alleges that Defendants failed to place him in the Aggression Replacement Training program and that, as a result, he was not paroled. (Dkt. No. 1.) Currently pending before the Court are Plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. No. 2), to appoint counsel (Dkt. No. 4), for injunctive relief (Dkt. No. 5), for discovery (Dkt. No. 6), for summary judgment (Dkt. No. 7), for a three-judge court (Dkt. No. 8), and for permission to file further exhibits in support of his complaint (Dkt. No. 9).

I.       PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, who has not paid the filing fee for this action, seeks leave to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff is not entitled to proceed *in forma pauperis* because he has four "strikes" and does not allege in his complaint that he is in imminent danger of serious physical injury.

When a plaintiff seeks leave to proceed *in forma pauperis*, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee. The court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding *in forma pauperis* and without payment of the filing fee. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has demonstrated economic need and has filed the inmate authorization form required in this District. Thus, the Court must determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars Plaintiff from proceeding *in forma pauperis* and without payment of the filing fee. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, a review of this District's docket reveals that Plaintiff has filed three other civil

rights actions in this District since 2004. Additionally, a PACER[1] search reveals another case that Plaintiff filed in the Southern District of New York. Plaintiff was incarcerated when he filed each of those cases.

The three previous civil rights actions that Plaintiff filed in this District were dismissed for failure to state a claim. *Jackson v. Ducher*, No. 9:04-CV-0447 (GLS/RFT), Dkt. No. 23 (granting one defendant's motion for judgment on the pleadings and dismissing claims against other defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for "failing to state any cognizable claim"); *Jackson v. Kubish*, No. 9:05-CV-1331 (LEK/RFT), Dkt. No. 19 (dismissing amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) "due to plaintiff's failure to state a claim upon which relief can be granted"); *Jackson v. Bucher*, No. 8:09-CV-0923 (DNH/RFT), Dkt. Nos. 4-5 (dismissing action pursuant to 28 U.S.C. § 1915(e) "for failure to state a claim upon which relief may be granted"). In addition, Plaintiff's action in the Southern District was dismissed for failure to state a claim. *Jackson v. Kubish*, Southern District Case No. 1:05-CV-10044, Dkt. No. 3 (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and certifying that any appeal from the order would not be taken in good faith). Each of these dismissals preceded Plaintiff's filing of the complaint in this case.

In light of these prior dismissals, the Court concludes that Plaintiff has four "strikes" and, thus, he may not proceed *in forma pauperis* in this action because he does not allege in his complaint that he is in imminent danger of serious physical injury.[2] Therefore, Plaintiff's motion

---

[1] PACER is the Federal Judiciary's Public Access to Court Electronic Records service.

[2] Congress enacted the "imminent danger" exception set forth in the final phrase of § 1915(g) to create a safety valve to prevent impending harms to prisoners otherwise barred from
(continued...)

to proceed *in forma pauperis* (Dkt. No. 2) is denied.  If Plaintiff wishes to proceed with this action, he must pay the $350.00 statutory filing fee, in full, **within thirty (30) days** of the filing date of this Report-Recommendation and Order.

## II.  PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff moves for the appointment of counsel.  (Dkt. No. 4.)  For the reasons discussed below, the motion is denied without prejudice to renew.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  First, a plaintiff's motion for counsel must always be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector, and such a motion may be denied solely on the failure of the plaintiff to provide such documentation.  *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989).  If a motion is accompanied by such documentation, the court should ascertain whether the indigent's claims seem likely to be of substance.  If the indigent's claims seem likely to be of substance, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

---

[2](...continued)
proceeding *in forma pauperis*.  *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

Here, Plaintiff has not documented his efforts to obtain counsel from the public and private sector.  Moreover, Plaintiff's claims do not appear likely to be of substance because "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release."  *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (per curiam).  Therefore, Plaintiff's motion to appoint counsel (Dkt. No. 4) is denied.  If Plaintiff pays the filing fee and proceeds with this action, he may file another motion for appointment of counsel only in the event that he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants the granting of such an application.

### III. PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF, DISCOVERY, SUMMARY JUDGMENT, AND A THREE-JUDGE COURT

Plaintiff moves for injunctive relief, discovery, summary judgment, and a three-judge court. (Dkt. Nos. 5-8.)  In light of Plaintiff's four previous strikes, I recommend that the Court deny the motions for injunctive relief and summary judgment without prejudice to renewal if Plaintiff pays the filing fee and proceeds with this action.  For the same reason, the motions for discovery and for a three-judge court are denied.

### IV. PLAINTIFF'S REQUEST TO FILE EXHIBITS

Plaintiff requests permission to file additional exhibits in support of his complaint.  (Dkt.

No. 9.) The request is granted.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application for leave to commence this action *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g) because, on three or more occasions, Plaintiff has brought actions that courts have dismissed for failure to state a claim and because he has not alleged that he is in imminent danger of serious physical injury; and it is further

**ORDERED** that, if Plaintiff wishes to proceed with this action, he must pay the $350.00 statutory filing fee, in full, **within thirty (30) days** of the filing date of this Report Recommendation and Order; and it is further

**RECOMMENDED** that, if Plaintiff fails to pay the full filing fee within thirty (30) days of the filing date of this Order, the Court direct the Clerk of the Court to enter judgment dismissing this action, without prejudice; and it is further

**ORDERED** that the motion to appoint counsel (Dkt. No. 4) is **DENIED** without prejudice to renew; and it is further

**RECOMMENDED** that the Court deny Plaintiff's motion for injunctive relief (Dkt. No. 5) without prejudice to renew; and it is further

**ORDERED** that Plaintiff's motion for discovery (Dkt. No. 6) is **DENIED** without prejudice to renew; and it is further

**RECOMMENDED** that the Court deny Plaintiff's motion for summary judgment (Dkt. No. 7) without prejudice to renew; and it is further

**ORDERED** that Plaintiff's motion for a three-judge court (Dkt. No. 8) is denied without prejudice to renew; and it is further

**ORDERED** that Plaintiff's letter motion requesting permission to file exhibits in support of his complaint (Dkt. No. 9) is **GRANTED**.

Dated: September 29, 2011
      Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge